UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ABDULKADIR ALI,

                        Plaintiff,

    v.                                                       6:23-CV-1115 (GTS/ATB)

ONEIDA COUNTY DISTRICT
ATTORNEY, et al.,

                        Defendants.
_____

ABDULKADIR ALI,

                        Plaintiff,

    v.                                                        6:23-CV-1116 (GTS/ATB)

UTICA POLICE DEPARTMENT, et al.,

                        Defendants.
_____

ABDULKADIR ALI, Plaintiff, pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      Plaintiff Abdulkadir Ali, a prisoner proceeding pro se, commenced the above-captioned actions on September 1, 2023, seeking to proceed in forma pauperis ("IFP"). (Case No. 6:23-CV-1115 ("*Ali I*"), Dkt. Nos. 1, 2; Case No. 6:23-CV-1116 ("*Ali II*"), Dkt. Nos. 1, 2). Both actions were administratively closed due to plaintiff's failure to submit a complete IFP application and/or otherwise comply with the filing fee requirement. (*Ali I* Dkt. No. 3; *Ali II* Dkt. No. 3). Plaintiff refiled his applications to

1

proceed IFP, and the Clerk accordingly reopened both actions.  (*Ali I* Dkt. No. 6; *Ali II* Dkt. No. 6).  On October 19, 2023, the court determined that *Ali I* and *Ali II* were related (*Ali II* Dkt. No. 7), and both complaints are presently before the undersigned for a recommendation on initial review.

I.      **IFP Applications**

Plaintiff declares in his IFP applications that he is unable to pay the filing fee. (*Ali I* Dkt. No. 4; *Ali II* Dkt. No. 4).  After reviewing his applications and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaints in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the

adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)). The court will now turn to a consideration of plaintiff's complaints under the above standards.

## II.     The Complaints

The complaints in both *Ali I* and in *Ali II* are completely devoid of any factual detail concerning the underlying events giving rise to plaintiff's allegations – i.e., his arrest and subsequent prosecution.  Liberally construed, the complaint in *Ali I* alleges that the named defendant prosecutors[1] violated his Fourth Amendment right to be free from malicious prosecution. (*Ali I*, Dkt. No. 1 ("*Ali I* Compl.") at 1).[2]  Plaintiff alleges that the defendant prosecutors "initiated and continued proceeding[s] against [him] without probable cause," and that "no probable cause" supported his "original arrest, continued confinement, or continued prosecution." (*Id.* at 9).  Plaintiff further states that these individual defendants have "caused [him] continued confinement for a crime [he] did not commit . . . and continue threats and unlawful motivation to frame [him] by fabricated evidence." (*Id.*).  Plaintiff alleges that the "entire criminal proceeding would [have] been resolved in [his] favor if [his] motions and due process [weren't] terminated because of the defendants['] misconduct and malicious [sic]." (*Id.*).  He then states that the defendants "concealed and misrepresented material facts from the grand jury and superior court to facilitate a forced erroneous conviction against [him]." (*Id.*).  Plaintiff asserts that the "original action was terminated in favor of [his] criminal defense." (*Id.*

---

[1] Plaintiff has identified "Oneida County District Attorney" in the caption of the complaint; however it is unclear if plaintiff intended to name the DA's office as a separate defendant in this action. (*Ali I* Compl. at 1).

[2] The complaints in both *Ali I* and *Ali II* are comprised of various form complaints provided by the court, as well as plaintiff's own attached sheets of paper.  Accordingly, the original pagination of these documents is disordered.  For the sake of clarity, the court will refer to the CM/ECF pagination when citing to the complaints.

at 10). However, in his prayer for relief plaintiff seeks "dismissal of charges," as well as $300,000 in damages and an "investigation into the misconduct" of the defendants. (*Id.* at 4).

The complaint in *Ali II* asserts that defendants Paladino, Williams, and Travasani – law enforcement agents with the Utica Police Department[3] – violated plaintiff's "Fourteenth Amendment right which prohibits the deliberate fabrication of evidence by a state official." (*Ali II*, Dkt. No. 1 ("*Ali II* Compl.") at 9). Plaintiff states that these defendants "continued their investigation" of him "despite the fact that they knew [he] was innocent," and that "each investigator had an unlawful motivation to frame" plaintiff. (*Id.*). Plaintiff further alleges that the defendants used "extremely aggressive interview techniques when questioning witnesses, thus generating false statements and false evidence against [him]." (*Id.*). He states that the defendants used investigative techniques that were "so coercive and abusive that they knew or should have known that those techniques would yield false information and misconduct." (*Id.*). Plaintiff alleges that the investigators "deliberately fabricated evidence" to build a case against him "to satisfy public safety standards." (*Id.* at 10). In his prayer for relief, plaintiff seeks "dismissal of charges filed," $500,000 in damages, and an "investigation into the misconduct" of the defendants." (*Id*. at 4).

---

[3] The Utica Police Department is identified in the caption of the *Ali II* complaint, however it is unclear if plaintiff intended to name this entity as a defendant itself. (*Ali II* Compl. at 1).

5

# DISCUSSION

### III. <u>Prosecutorial Immunity</u>

#### A. Legal Standards

The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy. *Anilao v. Spota*, 27 F.4th 855, 863-64 (2d Cir. 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). In *Anilao*, the Second Circuit explained:

> Our cases make clear that prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987) (quotation marks omitted). The immunity covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, a prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial. *See id.*; *Imbler*, 424 U.S. at 431. . . (concluding that a prosecutor is absolutely immune from a § 1983 suit for damages based on his "initiating a prosecution and . . . presenting the State's case"). For that reason, we have held that absolute immunity extends even to a prosecutor who "conspir[es] to present false evidence at a criminal trial. The fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because the immunity attaches to his function, not to the manner in which he performed it." *Dory*, 25 F.3d at 83 (cleaned up).

*Id.* at 864.

"By contrast, prosecutors receive only qualified immunity when performing 'administrative duties and those investigatory functions that do not relate to an

advocate's preparation for the initiation of a prosecution or for judicial proceedings.' " *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "Investigation, arrest, and detention have historically and by precedent been regarded as the work of police, not prosecutors, and they do not become prosecutorial functions merely because a prosecutor has chosen to participate." *Id*. (interior quotation marks and citations omitted); *see Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) (" '[A]ctions taken as an investigator enjoy only qualified immunity.' ") (quoting *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000)). "Under a functional approach, actions are not shielded by absolute immunity merely because they are performed by a prosecutor. 'A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.' " *Giraldo*, 694 F.3d at 166 (quoting *Buckley*, 509 U.S. at 273).

    **B.**    **Analysis**

Plaintiff's allegations against the defendant prosecutors in *Ali I* are vague, but he appears to claim that they are liable for initiating and continuing criminal proceedings against him without probable cause, and for concealing facts from the grand jury. Putting aside the various other pleading issues with plaintiff's *Ali I* complaint, including the significant Rule 8 deficiencies, it is clear that these defendants are entitled to absolute immunity for the alleged conduct associated with prosecuting plaintiff's criminal proceeding. As the Second Circuit explained in *Anilao*, these prosecutorial functions fall squarely within the protection of

prosecutorial immunity, "regardless of motivation." 27 F.4th at 864. Moreover, plaintiff has failed to raise any inference that his claims against these defendants derive from alleged conduct outside the scope of their traditional roles as prosecutors. Accordingly, the *Ali I* complaint should be dismissed with prejudice as against defendants McNamara, Garramone, and Carville.

Moreover, if plaintiff did intend to name the Oneida County District Attorney's office as a defendant, it is not a separate legal entity that is subject to suit, and dismissal is warranted on that basis alone. *See, e.g., Harrison v. Inc. Vill. of Freeport*, 498 F. Supp. 3d 378, 399-400 (E.D.N.Y. 2020) ("Under New York law, "departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.") (collecting cases); *Griffith v. Sadri*, No. CV-07-4824, 2009 WL 2524961, at *8 (E.D.N.Y. Aug. 14, 2009) ("[A] district attorney's office is not a separate legal entity capable of being sued pursuant to § 1983.").

To the extent plaintiff seeks to impute the conduct of the defendant prosecutors to Oneida County, such a claim would also be subject to dismissal. In order to state a claim against a municipality or municipal agency, plaintiff must present evidence that the alleged deprivation of his constitutional rights was caused by an official custom, policy, or practice of that municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). However, as relevant to this case, "[t]he Second Circuit Court of Appeals has unequivocally held that 'prosecutorial acts may not fairly be said to represent official policy of the County,' because '[w]hen prosecuting a criminal

matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.' " *Joyner v. Cnty. of Cayuga*, No. 5:20-CV-60 (MAD/TWD), 2020 WL 1904088, at *10 (N.D.N.Y. Apr. 17, 2020) (quoting *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988) (internal quotation omitted)); *see also Doe v. Smith*, 704 F. Supp. 1177, 1184 (S.D.N.Y. 1988). Thus, because the defendant prosecutors here were acting on behalf of the State of New York, and not Oneida County, any alleged misconduct on these defendants' part cannot be imputed to Oneida County, and the complaint would be subject to dismissal as against the municipality.

## IV. Fabrication of Evidence

### A. Legal Standards

#### 1. Fabrication of Evidence

When a government official manufactures false evidence against an accused, and the use of that fabricated evidence results in the deprivation of the accused's liberty, the official infringes the accused's constitutional right to a fair trial in a manner that may be redressable in a § 1983 action for damages. *McDonough v. Smith*, 585 U.S. __,139 S. Ct. 2149, 2156-57 (2019); *accord Zahrey v. Coffey*, 221 F.3d 342, 355 (2d Cir. 2000) ("It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer acting in an investigating capacity."); *see Zahrey v. City of New York*, No. 98-4546, 2009 WL 1024261, at *8 n.14 (S.D.N.Y. Apr. 15, 2009) (noting that "evidence fabrication serves to both improperly charge and/or arrest a plaintiff as well as

9

unfairly try him" and characterizing plaintiff's evidence fabrication claim as a claim for violation of procedural due process under the Fifth, Sixth, and Fourteenth Amendments); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983."). To state a claim for the denial of a fair trial based on the fabrication of evidence, a plaintiff must plausibly allege that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citing *Ricciuti*, 124 F.3d at 30). However, testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong. *Id*.

### 2. Rule 8

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.' " *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with Rule 8 "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

### 3. Personal Involvement

It has long been established that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983[,]" and supervisory officials may not be held liable merely because they held a position of authority. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Recently, the Second Circuit has specifically revised its standard for determining personal involvement or supervisory liability. *Tangreti v. Bachmann*, 983 F.3d 609, 614-19 (2d Cir. 2020). Joining other circuits, the Second Circuit has held that there is no "special" rule for supervisory liability. *Id*. at 618.

> Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

> U.S. at 676. . . . "The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue" because the elements of different constitutional violations vary. *Id*. The violation must be established against the supervisory official directly.

*Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 676 (2009)). The supervisor must have committed the violation him or herself, not by the supervision of others who committed the violation. *Id*. Likewise, the supervisor must personally display the requisite state of mind, depending on the violation at issue. *Id*.

### 4. *Heck v. Humphrey*

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87. *See also McDonough v. Smith*, 139 S. Ct. at 2156-57 (holding that a plaintiff could not bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution"); *Perry v. City of Albany*, No. 8:20-CV-165 (GTS/DJS), 2020 WL 3405636, at *4 (N.D.N.Y. May 6, 2020) ("[c]laims of false arrest, false imprisonment, malicious prosecution, and fabrication of evidence are generally viewed as barred by the rule in *Heck*."), *report and recommendation adopted*, 2020 WL 3403080 (N.D.N.Y. June 19, 2020); *McFadden v. Jaeon*, No. 1:12-CV-1255 (NAM/RFT), 2012 WL 4107466, at *2 (N.D.N.Y Aug. 23, 2012) (barring claims for false arrest and

"faulty Miranda warnings" pursuant to *Heck*), *report and recommendation adopted*, 2012 WL 4107465 (N.D.N.Y. Sept. 18, 2012); *Harris v. Buffardi*, No. 1:08-CV-1322 (GLS/DRH), 2011 WL 3794235, at *10 (N.D.N.Y. Aug. 24, 2011) (claims for "violation of his due process rights, fabrication of evidence, obstruction of justice, bad faith inadequate investigation, and §§ 1983 and 1985 conspiracy--all of which are patent attacks on the validity of [plaintiff's] conviction--[were] barred.").

### B. Analysis

Plaintiff alleges that Officer Paladino, Chief Williams, and Investigator Trevasani of the Utica Police Department violated his Fourteenth Amendment rights by fabricating evidence, specifically "generating false statements and false evidence" against him by the use of "aggressive interview techniques when questioning witnesses," in "building" a criminal case against him. (*Ali II* Compl. at 9). Plaintiff, however, has failed to meet the minimum standard of coherently pleading the factual bases for his fabrication of evidence claim. *See Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (Dismissal is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Aside from conclusory allegations, neither the *Ali I* nor the *Ali II* complaint provides facts adequately describing to the court the underlying arrest and investigation, including the specific information which plaintiff alleges to have been fabricated and forwarded to prosecutors for use in his criminal proceedings. Accordingly, dismissal is warranted due to plaintiff's deficient pleading. *See Joseph v. JRF Income Tax Bus.*

13

*Servs.*, No. 21-CV-3869, 2021 WL 3516421, at *5 (E.D.N.Y. Aug. 10, 2021) ("A complaint that offers nothing more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' or that 'tenders naked assertions devoid of further factual enhancement' is insufficient.") (quoting *Iqbal*, 556 U.S. at 678).

Moreover, plaintiff has failed to articulate how each of the named law enforcement defendants was individually, personally involved in the purported interrogations, or any other actions, that led to the alleged fabrication of evidence. Instead, plaintiff refers, generally, to "the defendants" when discussing the alleged violations of his constitutional rights. "[C]omplaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.' " *Wilson v. Cnty. of Ulster*, No. 1:20-CV-104 (TJM), 2022 WL 813958, at *7 (N.D.N.Y. Mar. 17, 2022) (quotation and other citations omitted); *see also Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195 (E.D.N.Y. 2018) ("[The] plaintiff's conclusory and vague allegations in the amended complaint, which generally refer to 'defendants' in the plural and fail to describe [the individual defendant's] specific role . . . in the [underlying acts], are insufficient to demonstrate [the individual defendant's] personal involvement in . . . the alleged misconduct.").

As a separate matter, plaintiff's claims may be barred by *Heck*. In the *Ali I* complaint, plaintiff states that "the original action was terminated in favor of my criminal defense." (*Ali I* Compl. at 10). Plaintiff's assertion, however, is undermined by his request in *Ali I* and *Ali II* that this court dismiss the pending criminal charges

against him. Furthermore, the court takes notice that plaintiff's address currently listed on the docket report for this action is Oneida County Correctional Facility, where plaintiff appears to have been confined at the time he filed both complaints, and thereafter. The Supreme Court has made clear that a plaintiff cannot bring a fabricated evidence claim under section 1983 prior to the favorable termination of his prosecution, *McDonough*, 139 S. Ct. at 2156-57; thus, the apparent, ongoing status of plaintiff's criminal proceeding is another basis for dismissal.

### V.     Utica Police Department

It is well established that "[a] police department is an administrative arm of [a] municipal corporation," and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (citations omitted); *see Hester-Bey v. Police Dep't*, No. 12-CV-3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (explaining that "[s]ection 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws," and holding that, because "[t]he New York City Police Department is not a 'person' within the meaning of section 1983 [it] is therefore[ ] not a suable entity." (quoting 42 U.S.C. § 1983)). Thus, the Utica Police Department is not a proper defendant for plaintiff's section 1983 claims.

Further, to the extent plaintiff intended to bring his claims against the City of Utica, of which the Utica Police Department "is an administrative arm," he has failed to plead such a claim. As previously set forth, in order to plead a claim against a

15

municipality, a plaintiff must allege that he was harmed by a municipal "policy" or "custom." *Monell*, 436 U.S. at 690-91. Here, plaintiff's complaint is devoid of facts from which the court could infer, even under the most liberal construction, that his alleged injury was the result of any policy or custom of the City of Utica. *See, e.g., Cotto v. City of New York*, 803 F. App'x 500, 504 (2d Cir. 2020) (Cotto's allegations do not support a *Monell* claim because they focus on the individual officers and isolated events leading to Cotto's stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred.")  For these reasons, the Utica Police Department should be dismissed as a party from this action.

## VI.     Opportunity to Amend

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

With respect to the *Ali I* action, the court recommends dismissal of the complaint in its entirety, with prejudice.  Based on the nature of plaintiff's allegations, the court cannot construe how plaintiff could amend this complaint to state a claim as against the named defendant prosecutors and/or the Oneida County District Attorney's Office.

With respect to the *Ali II* complaint, the court recommends dismissal with prejudice as to the claims against the Utica Police Department. With respect to plaintiff's fabrication of evidence claim against defendants Paladino, Williams, and Trevasani, however, the court recommends dismissal without prejudice to allow plaintiff an opportunity to amend. If the court adopts this recommendation, and plaintiff chooses to amend the *Ali II* complaint, plaintiff must provide a short and plain statement of the relevant facts supporting his fabrication-of-evidence claim against each defendant named in the amended complaint. To the greatest extent possible, plaintiff's amended complaint should describe all relevant facts supporting his case, including the dates and times, to his best approximation. Plaintiff must also describe how each defendant's acts or omissions violated his rights. In addition, if plaintiff chooses to amend his complaint, he should include additional facts regarding the status or ultimate disposition of his criminal case.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's applications for IFP (*Ali I* Dkt. No. 4; *Ali II* Dkt. No. 4) are **GRANTED**,[4] and it is

**RECOMMENDED**, that the *Ali I* complaint (*Ali I* Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, and it is

**RECOMMENDED,** that the *Ali II* complaint (*Ali II* Dkt. No. 1) be **DISMISSED WITH PREJUDICE** as against defendant Utica Police Department, and it is

---

[4] The court notes that, although plaintiff's applications to proceed IFP have been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

**RECOMMENDED,** that the *Ali II* complaint be **DISMISSED WITHOUT PREJUDICE TO ALLOWING PLAINTIFF FORTY-FIVE (45) DAYS TO AMEND HIS COMPLAINT** as to the fabrication-of-evidence claims against defendants Peter Paladino, Mark Williams, and Joseph Trevasani, and it is

**RECOMMENDED**, that if the court adopts this Recommendation, the plaintiff also be informed that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiff must include all the facts and causes of action in the amended complaint.  No facts or claims from the original complaint may be incorporated by reference, and plaintiff must not reassert in his amended complaint claims that the court has dismissed, and it is

**RECOMMENDED**, that if the court approves this recommendation, and plaintiff files a proposed amended complaint, the proposed amended complaint be returned to me for further proceedings, and it is further

**RECOMMENDED**, that if plaintiff fails to amend his complaint within the time allowed and without requesting an extension of time to do so, the *Ali II* action be **CLOSED** without further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 30, 2023

                                                          Andrew T. Baxter
                                                          U.S. Magistrate Judge